IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rosalind Parrish <br>     Debtor(s) <br><br> PENNSYLVANIA HOUSING FINANCE AGENCY <br>     Movant <br><br> vs. <br><br> Rosalind Parrish <br>     Debtor(s) <br><br> Kenneth E. West <br>     Trustee | CHAPTER 13 <br><br> NO. 22-10383 AMC <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of March 1, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,686.54.** Post-petition funds received after March 1, 2023, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

>Post-Petition Payments: November 2022 at $1,124.00; December 2022 through March 2023 in the amount of $1,148.16/month
>Suspense Balance: ($68.10)
>Fees & Costs Relating to Motion: $1,038.00
>**Total Post-Petition Arrears     $6,686.54**

2. Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,686.54.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,686.54** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due April 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,148.16 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 2, 2023

        **/s/ Denise Carlon, Esquire**
        Denise Carlon, Esquire
        Attorney for Movant

Date: 3·6·23

        Zachary Perlick, Esquire
        Attorney for Debtor(s)

Date: 3/10/2023

        */s/ Jack Miller, Esquire for The Chapter 13 Trustee*
        Kenneth E. West, Esquire
        Chapter 13 Trustee

*no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this ___ day of _____, 2023. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan.